IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CRIMINAL NO. 01-40021-GPM |
| | ) |
| RAY ANTHONY PUGH, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This case is before the Court on several motions: a pro se motion to request modification of sentence pursuant to Title 18 U.S.C. 3582(c)(2) (Doc. 40), a motion to consider Defendant's pro se filings filed by counsel (Doc. 44), and a motion for retroactive application of sentencing guidelines to crack cocaine offenses filed by counsel (Doc. 45).

Defendant, Ray Anthony Pugh, pleaded guilty to one count of possession with intent to distribute crack cocaine in violation of Title 21, Sections 841(a)(1) and 841(b)(1)(B), on May 21, 2001 (*see* Doc. 20). On August 13, 2001, he was sentenced to a 235 month term of imprisonment, ordered to serve 4 years supervised release, and fined $3,500 (*see* Docs. 28, 31). He appealed to the Seventh Circuit, but this Court's judgment was affirmed (*see* Doc. 37).

In his pro se motion for retroactive application of sentencing guidelines, Pugh asks this Court to grant his motion and "to give a sentence that is sufficient to satisfy the 18.3553 sentencing goals." (Doc. 40, p. 3). He points to this Court's words at the time of sentencing that 235 months is a long time and that the Court would not give such a lengthy sentence if not bound by the guidelines. The Court has reviewed this pro se filing, even though counsel was appointed to represent Pugh on the

issue of the retroactive application of sentencing guidelines. In the motion for retroactive application of sentencing guidelines to crack cocaine offenses filed by counsel, defense counsel and the United States Attorney agree that a reduction in sentence to 188 months is appropriate in this case.

The United States Court of Appeals for the Seventh Circuit recently held that district courts do not have authority to grant reductions pursuant to section 3582(c)(2) below the amended guideline range. *United States v. Cunningham*, 554 F.3d 703 (7th Cir. 2009). In reaching this conclusion, Judge Flaum noted, "[t]he [Sentencing Commission's] policy statements make clear that section 3582(c)(2) proceedings are not full resentencings and may not result in a sentence lower than the amended guideline range (unless the defendant's original sentence was lower than the guideline range)." *Id.* at 708. *Cunningham* makes it clear that this district court is simply not authorized to grant the relief Pugh seeks in his pro se filing. The Court agrees, however, that Pugh's total offense level should be reduced to a level 34, and, with a criminal history category III, the amended guideline range is 188 to 235 months. In light of the agreement between the Government and defense counsel, the Court will reduce the term of imprisonment to 188 months.

Accordingly, the motion to consider Defendant's pro se filings filed by counsel (Doc. 44) is **GRANTED**, and the pro se motion for retroactive application of sentencing guidelines to crack cocaine offenses (Doc. 40) is **DENIED**. The motion for retroactive application of sentencing guidelines to crack cocaine offenses filed by counsel (Doc. 45) is **GRANTED**.

**IT IS SO ORDERED.**

DATED: 03/30/09

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge